IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BOBETTA DURANCE, #10964-030,

Petitioner,

vs.

WARDEN CROSS,

Respondent.                                    Case No. 13-cv-926-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, who is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 (Doc. 1). She seeks reinstatement of her conditional release date eligibility pursuant to 18 U.S.C. § 3621(e), based on her participation in Greenville's Residential Drug Abuse Program ("RDAP") (Doc. 1-1, pp. 1-2). Petitioner was expelled from the program for unsatisfactory progress, which she attributes to her dyslexia. Petitioner claims that Greenville's failure to accommodate her disability violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and forfeited her eligibility for early release.

This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth below, the Court concludes that the petition survives threshold review.

### THE HABEAS PETITION

Petitioner pleaded guilty to one violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) for possession with intent to distribute methamphetamine. *United States v. Durance*, No. 10-cr-00015 (S.D. Iowa Mar. 30, 2010) (Doc. 153). On October 25, 2010, she was sentenced to 65 months of imprisonment, followed by four years of supervised release (*Id.*, Doc. 160). The Court recommended that petitioner be made eligible for a 500-hour residential drug treatment program (*Id.*).

Petitioner was accepted into Greenville's RDAP in August 2011 (Doc. 1-1, p. 1). Successful completion of that program would trigger petitioner's eligibility for early release of up to one year pursuant to 18 U.S.C. § 3621(e). After participating in the program for 1,096 hours, petitioner was expelled for failure to demonstrate satisfactory progress, including mastery of phase-related concepts, on March 29, 2012 (Doc. 1-1, pp. 1-2). Petitioner claims that she should have been placed in a facility offering accommodations for her dyslexia within the drug treatment program, and she seeks reinstatement of her early release date eligibility.

Petitioner produced documentation of her efforts to exhaust her administrative remedies by appealing the Greenville Drug Treatment Team's determination before bringing a habeas action (Doc. 1-2, pp. 1-40).  *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court).  Petitioner filed an informal request for an administrative remedy (BP-8) with her correctional counselor on March 29, 2013, a formal request for an administrative remedy (BP-9) with the warden on April 15, 2013, a regional administrative remedy appeal (BP-10) with the regional office on April 30, 2013, and an appeal to the general counsel (Form BP-11) on June 6, 2013 (Doc. 1-2, pp. 1-12).  Each of petitioner's appeals was denied.

At the outset, this Court must independently evaluate the substance of petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have re-characterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked).  A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom

subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

Petitioner walks a fine line between seeking a quantum change in the level of custody and challenging the conditions of her confinement. However, at this stage, the Court must construe the pleadings in her favor. Accordingly, she shall be allowed to proceed on her claim for reinstatement of her conditional release date eligibility under 28 U.S.C. § 2241. Without commenting on the merits of petitioner's claim, the Court concludes that the petition survives preliminary review under Rule 4 and 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

### OTHER CLAIMS

The same cannot be said of petitioner's other potential claims. These include an Eighth Amendment claim (for a transfer to a prison with a drug treatment program that accommodates her dyslexia) and an ADA claim. Typically, the writ of habeas corpus is used to completely free an inmate from unlawful custody. *See Preiser*, 411 U.S. at 484-85. When a prisoner is challenging the conditions under which she is being held and not the fact of confinement, the Seventh Circuit has held that she must pursue the claim under

42 U.S.C. § 1983, in the case of a state prisoner, or under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in the case of a federal prisoner.

The Court cannot address an Eighth Amendment conditions of confinement claim in this habeas proceeding because these conditions do not pertain to the fact or duration of her incarceration (Doc. 1-2, pp. 1-44). *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (recognizing habeas as a means of challenging only the fact or duration of custody). The federal habeas corpus statute cannot be used to challenge conditions of confinement. *See* 28 U.S.C. § 2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Pischke*, 178 F.3d at 500; *Graham*, 922 F.2d at 381. Thus, if petitioner wishes to seek any remedy for the allegedly unconstitutional conditions of her confinement, she must bring a separate civil rights action under *Bivens*. Petitioner's Eighth Amendment claim is dismissed from this action, although this directive should not be construed as an opinion on the merits of petitioner's potential civil rights claim.

Likewise, petitioner's ADA claim must be dismissed. Like the Eighth Amendment claim, the ADA claim cannot proceed in a habeas action. It should be noted, however, that the ADA does not apply to the federal government or a federal agency, such as the BOP. Nor does it apply to federal prisons, such as Greenville, or its warden, respondent Cross. *See also Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998) (ADA applies to state prisons); *Dyrek v. Garvey*,

334 F.3d 590, 597 n. 3 (7th Cir. 2003) ("the ADA does not apply to federal agencies"); *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) (federal agency not liable under Title II of the ADA). Accordingly, the ADA claim shall also be dismissed, and this directive should, once again, not be construed as an opinion on the merits of petitioner's potential civil rights claim.[1]

### Filing Fee

Petitioner has not paid the required filing fee of $5.00 or filed a motion to proceed *in forma pauperis* (IFP) in this case. Although she has filed a letter suggesting that the payment is forthcoming, the Court has not yet received the payment. Accordingly, **IT IS HEREBY ORDERED** that petitioner shall either pay the full filing fee of $5.00 for this action or file a motion to proceed *in forma pauperis* within 30 days of the date of entry of this Order (on or before **October 30, 2013**). Payment of the $5.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201. At the time payment is made, petitioner's name and the case number assigned to this action shall be clearly identified. Should petitioner fail to comply with this Order, this case will be dismissed without prejudice for failure to comply with a Court Order. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th

---

[1] Should Petitioner choose to file a separate civil rights action, she will, of course, be subject to the $400 filing fee for that action (or $350 if she is eligible to proceed *in forma pauperis*), regardless of the merits of her claims. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Further, dismissal of her claims shall result in a "strike" under the provisions of 28 U.S.C. § 1915(g).

Cir. 1994).

## Disposition

**IT IS HEREBY ORDERED** that petitioner's Eighth Amendment claim challenging the conditions of her confinement is **DISMISSED without prejudice**.

**IT IS ALSO ORDERED** that petitioner's ADA claim is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of her continuing obligation to keep the Clerk (and Respondent) informed of any change in her whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Signed this 30th day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.30 13:04:20 -05'00'

**Chief Judge
U.S. District Court**