IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBETTA DURANCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-926-CJP[1] |
| | ) | |
| JAMES N. CROSS, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

Petitioner Bobetta Durance, an inmate in the Federal Bureau of Prisons ("BOP"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the termination of her eligibility for early release after she was expelled from the BOP's Residential Drug Abuse Program ("RDAP"). For the reasons set forth below, the Petition is denied.

## BACKGROUND

### A. The Residential Drug Abuse Program & Early Release

RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems. *See* 28 C.F.R. § 550.53; (Doc. 11-4, p. 23). The RDAP consists of three components, 28 C.F.R. § 550.53, but only the first component—the unit-based component—is relevant to the instant matter.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (Doc. 15).

The unit-based component requires at least 500 hours of treatment over a period of at least six months. 28 C.F.R. § 550.53(a)(1); (Doc. 11-4, p. 23). Inmates participating in the program are housed in a unit set apart from the general prison population and reserved for drug treatment. 28 C.F.R. § 550.53(a)(1); (Doc. 11-4, p. 25). An inmate can be removed from the RDAP for various reasons, including "disruptive behavior related to the program or unsatisfactory progress in treatment." 28 C.F.R. § 550.53(g) (Doc. 11-5, p. 1). On the other hand, if an inmate "successfully complet[es]" the RDAP, they can receive a sentence reduction of up to 12 months. 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. §§ 550.54(a)(1)(iv), 550.55(a)(2).

## B. Relevant Factual History

Bobetta Durance was sentenced on October 25, 2010 to 65 months imprisonment for conspiracy to distribute methamphetamine (Doc. 11-2). The sentencing court recommended that she participate in the RDAP while in prison (Doc. 11-2), and she was placed at Greenville in order to do so. Before Durance began the program, the BOP determined that she would be eligible for a sentence reduction of up to one year if she successfully completed the RDAP (Doc. 11-3, pp. 10–11).

Durance began the RDAP in August 2011 (Doc. 11-3, p. 13). The first phase of the RDAP generally takes nine to twelve months to complete (Doc. 11-3, p. 43; Doc. 11-4, p. 23). However, by March 2013, after nineteen months in the first

phase, Durance still had not demonstrated consistent and satisfactory progress and she was expelled from the program (Doc. 11-3, pp. 39, 41). Because Durance did not complete the entire program, her eligibility for early release was terminated (Doc. 11-3, p. 42).

## DISCUSSION

After exhausting her administrative remedies, Durance filed a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241 (Doc. 1). She is seeking an order from the Court directing the BOP to reinstate her eligibility for early release (Doc. 1-1). According to Durance, she is still eligible for early release despite her expulsion from the RDAP because she participated in the program for nineteen months and completed 1,096 hours of treatment (Doc. 1-1).

In response to Durance's petition, Respondent contends that a habeas action is not the proper mechanism for Durance to bring her claims, but even if it were, Durance's claims are meritless (Doc. 11). Respondent is correct on both points.

### A.  Durance's Claim is Not Properly Raised Under § 2241

A petition for a writ of habeas corpus is the proper vehicle for a prisoner's claims if the prisoner is challenging the fact or duration of his confinement, and seeking an immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir. 1995) ("Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody.")

Here, if Durance were to prevail, the only relief she could obtain is an order directing the BOP to reconsider her for early release, not one requiring the BOP to grant it. Since victory would not entitle Durance to an immediate or speedier release, habeas corpus is not the proper vehicle for her claims. *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) ("The difference between a claim of entitlement to be released, and an opportunity to be considered for release, also affects the choice between § 2241 and a mundane civil action.")

However, even assuming arguendo that Durance's claim was cognizable under § 2241, her petition would still be denied because her claims have no merit.

**B.  Durance Is Not Entitled to Habeas Relief Based on the Merits of Her Claims**

To obtain habeas relief, a federal prisoner must show he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Durance asserts in her petition that the BOP violated the Administrative Procedure Act ("the APA"), the Due Process Clause, and the Equal Protection Clause when it terminated her eligibility for a one-year sentence reduction (Doc. 1-1). The Court disagrees.

Durance's claim that the BOP violated the APA is meritless. The APA permits judicial review of an agency's decisions, including those made by the BOP, except when the decision is committed to agency discretion by law or another federal statute specifically precludes review. 5 U.S.C. § 701(a). Under 18 U.S.C. § 3621(e)(2)(B), Congress delegated to the BOP broad discretion to grant or deny the one-year reduction to eligible prisoners upon successful completion of the

program.  *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.")  Congress further specified that the BOP's discretionary determinations made pursuant to § 3621 are not subject to judicial review under the APA.  18 U.S.C. § 3625.  Therefore, decisions made by the BOP to expel a particular prisoner from the RDAP, or to deny a sentence reduction for completion of the program may not be challenged under the APA.  *See, e.g., Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011).

Additionally, Durance's claim that the BOP violated her Fifth Amendment due process rights when her eligibility for early release was terminated is also meritless.  "It is axiomatic that before due process protections can apply, there must first exist a protectible liberty or property interest."  *Solomon v. Elsea*, 676 F.2d 282, 284 (7th Cir. 1982).  It is well-settled, however, that "inmates do not have a protected liberty interest in either RDAP participation or in the associated early release benefit."  *Reeb v. Thomas*, 636 F.3d 1224, 1129 n.4 (9th Cir. 2011) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (determining that a prisoner does not have a constitutional right to be released prior to the expiration of a valid sentence)). *See also Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007).

Finally, Durance's claim that the BOP violated her equal protection rights when her eligibility for early release was terminated is meritless.[2] Durance has alleged that she was "intentionally discriminated against because of her disability" (Doc. 14). However, she did not present any facts demonstrating that she was treated differently from others who were similarly situated to her or that there was no rational basis for the difference in treatment. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 601 n.1 (7th Cir. 2009); *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005).

Simply put, Durance has not, and cannot, show that the BOP's actions violated the Constitution or federal law. Regardless of the number of months Durance spent in the RDAP or the number of treatment hours she completed, Durance did not "successfully complete" the program because she was expelled before she had even completed the first phase. Because she did not successfully complete the program, it was impossible for her to qualify for early release under § 3621(e)(2)(B). Therefore, the BOP properly terminated her eligibility and refused to consider her for early release.

## **CONCLUSION**

The claims set forth in Bobetta Durance's petition for habeas relief under 28 U.S.C. § 2241 are meritless, and therefore, the petition (Doc. 1) is **DENIED**. This

---

[2] Although the Fifth Amendment does not contain an equal protection clause, the Supreme Court has construed the Fifth Amendment to contain an equal protection guarantee. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 616 (1991). Fifth Amendment equal protection claims are examined under the same principles that apply to such claims under the Fourteenth Amendment. *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 217 (1995).

cause of action is **DISMISSED with prejudice**.   The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   January 27, 2014

<u>s/ **Clifford J. Proud**</u>
CLIFFORD J. PROUD
United States Magistrate Judge
